## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| REBECCA RAPPS, individually and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>NORDSTROM, INC. d/b/a NORDSTROM and NORDSTROM RACK,<br><br>          Defendant. | **FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Case No.: 25-24667-CIV-RAR**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>FIRST AMENDED CLASS ACTION COMPLAINT</u>

1.      Plaintiff Rebecca Rapps ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorneys, brings this Class Action Complaint against Defendant Nordstrom, Inc., doing business as Nordstrom and Nordstrom Rack ("Defendant" or "Nordstrom"), for its practice of improperly charging and collecting sales and use tax from all persons who purchased tax-exempt Baby and Toddler products in Florida for household use during the period from July 1, 2023 to the present (the "Class Period"), while being residents of Florida (the "Class").

2.      Defendant charges and collects sales and use tax from Florida purchasers of tax-exempt Baby and Toddler Products in Florida, as further defined

herein (the "Products").  The tax is unlawfully levied and collected because the Products are exempt from sales and use tax under Title XIV Section 212.08(7), *et seq*.

3.      Defendant's improper collection of sales tax on exempted Baby and Toddler Products constitutes, among other things, a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

4.      Plaintiff seeks both injunctive and monetary relief on behalf of the proposed Class, including, but not limited to, restoring monies to members of the proposed Class for the aggregate unlawfully charged taxes, and enjoining Nordstrom's continued misconduct

## NATURE OF THE ACTION

5.      In 2022, in an effort to reduce the financial strain on families with young children, the Florida legislature proposed a temporary tax exemption for certain Baby and Toddler products including diapers and baby and toddler clothing, apparel, and shoes. The exemption was put into effect on July 1, 2022 and initially continued through June 30, 2023.

6.      Effective July 1, 2023, the Florida legislature extended the exemption and expanded its scope to include a broader range of baby and toddler products, including among other things, clothing, apparel, and shoes and certain other

2

merchandise for babies and toddlers ("Baby and Toddler Products"). <u>See</u> Florida

Statutes § 212.08(7), *et seq.*[1]

7.      Defendant Nordstrom sells a variety of these Baby and Toddler

Products including, but not limited to, baby and toddler clothing, apparel, and

shoes.

8.      Defendant markets, offers, and sells these Baby and Toddler Products

to consumers in Florida.

9.      Despite Florida's explicit tax exemption for these products,

Defendant continues to charge Florida consumers sales and use tax on their

purchases. As a result, Defendant is overcharging Plaintiff and the Class members

by collecting taxes on these exempt products. Defendant's practices misled Florida

consumers to believe that a sales and use tax was owed on products which were

exempt from such taxes.

---

[1] The sales tax exemption applies to other products intended for and marketed for
babies and toddlers such as, baby cribs, exercisers, strollers, and changing tables.
The following baby and toddler clothing is also exempted: (a) baby and toddler
clothing, apparel, and shoes primarily intended for and marketed for children age
5 or younger, and (b) baby and toddler clothing size 5T and smaller and baby and
toddler shoes size 13T and smaller are presumed to be primarily intended for and
marketed for children age 5 or younger.

10.     Defendant was on notice, reasonably should have been on notice, or was negligent or reckless for not being on notice of Florida's tax exemption for Baby and Toddler Products.

11.     Plaintiff relied on Defendant's misrepresentations that Florida sales and use tax was or is owed when purchasing Baby and Toddler Products to her detriment. Plaintiff did not reasonably expect Defendant to charge and collect sales and use tax when none was owed.

12.     Plaintiff and Class members had no reason to know or expect that Defendant was charging an unlawful tax for its Baby and Toddler Products.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") codified as 28 U.S.C. § 1332(d)(2), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; the number of members of the proposed Class exceeds 100; and Plaintiff and members of the proposed Class are citizens of a state different than Defendant.

14.     This Court has personal jurisdiction over Defendant because Nordstrom engaged in the collection of sales taxes on tax exempt Baby and Toddler Products in this District.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Plaintiff suffered injury as a result of Defendant's acts in this District, many of the

transactions giving rise to this action occurred in this District, and Defendant conducts substantial business in this District. Defendant intentionally availed itself of this District's laws and markets of this district, and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

16.     Plaintiff Rebecca Rapps was at all times relevant hereto, a resident of the State of Florida when she purchased tax exempt Baby and Toddler Products for her children.

17.     Specifically, in March 2025, Plaintiff purchased toddler shoes and a toddler dress from the Nordstrom location at 20669 Biscayne Boulevard, Miami, Florida. Plaintiff made these purchases approximately 21 months after Florida's baby and toddler product tax exemption went into effect. At all relevant times, Plaintiff relied on Defendant's representations about the alleged need to collect and remit sales and use taxes. Indeed, Plaintiff believed she was paying legally owed sales tax. At no time did Defendant inform Plaintiff that she was paying a tax that was not required by law.

18.     Defendant Nordstrom, Inc. is a citizen of the State of Washington. Defendant Nordstrom is a Washington corporation with its headquarters and principal place of business located at 1617 Sixth Avenue, Seattle, Washington.

19.     Nordstrom, Inc. does business as approximately 92 Nordstrom stores and 277 Nordstrom Rack stores across the United States. Several of Defendant's stores are located in, and do business in, the State of Florida.

## FACTUAL ALLEGATIONS

## I.     FLORIDA IMPLEMENTED TAX EXEMPTIONS TO HELP FAMILIES

20.     In 2022, the Florida State Legislature implemented a temporary sales and use tax exemption for diapers and baby and toddler clothing, apparel, and shoes. The temporary exemption was in effect from July 1, 2022 through June 30, 2023.

21.     Subsequently, the Florida State Legislature in conjunction with Florida Governor Ron DeSantis extended the exemption permanently and expanded the tax exemption to include a broader range of Baby and Toddler Products including: baby and toddler clothing, apparel, and shoes, baby cribs, baby playpens, baby play yards, baby exercisers, baby jumpers, bouncer seats, baby swings, baby monitors, baby safety gates, baby strollers, baby wipes, bicycle child carrier seats and trailers designed for carrying young children, breast pumps, bottle sterilizers, baby bottles and nipples, pacifiers, and teething rings, changing tables and changing pads, child safety cabinet locks and latches and electrical socket covers, and children's diapers.

22.    The expanded Baby and Toddler Product tax exemption went into effect on July 1, 2023.

23.    The stated purpose of Florida's expanded Baby and Toddler Product tax exemption (part of a larger tax relief plan) was "aimed at providing families with $2.7 billion in tax relief during the 2023-2024 fiscal year."

24.    Senate Democratic Leader Lauren Book stated that the 2022 exemption (which subsequently became part of the permanent exemption) was "[a] true difference-maker for families with young kids across our state" and that "this tax relief [would] go a long way to help those who need it most."[2]

25.    Florida Governor Ron Desantis stated that he will "continue to push smart fiscal policy that will allow Florida families to keep more of their hard-earned money in their pockets. Stronger families make a stronger Florida."[3]

## II.    DEFENDANT SELLS BABY AND TODDLER PRODUCTS SUBJECT TO EXEMPTION

26.    Defendant sells a variety of these Baby and Toddler Products including, but not limited to, baby and toddler clothing, apparel, and shoes.

---

[2]    https://www.wfla.com/news/florida/diapers-other-baby-and-toddler-products-permanently-tax-free-under-new-florida-law/

[3]    https://www.flgov.com/eog/news/press/2023/governor-ron-desantis-highlights-largest-tax-relief-plan-floridas-history

Defendant has sold these products at all relevant times and for many years prior to the relevant times.

27.    These products are Baby and Toddler Products subject to sales and use tax exemption as explicitly stated in the language of the statute. *See* Title XIV Section 212.08(7), *et seq*.

## III.    DEFENDANT UNLAWFULLY CHARGES AND COLLECTS SALES AND USE TAX ON EXEMPTED BABY AND TODDLER PRODUCTS

28.    As explained above, Florida enacted an explicit tax exemption for Baby and Toddler Products. Defendant markets, distributes, and sells Baby and Toddler Products in Florida. Nonetheless, Defendant routinely charges and collects sales and use tax on Baby and Toddler Products from Florida consumers, thereby overcharging consumers.

29.    Indeed, Defendant routinely engages in practices that violate the Florida legislature's tax exemption in opposition to the Florida State Government's stated public policy goal of assisting families.

30.    Specifically, Defendant overcharged Plaintiff sales tax when Plaintiff purchased toddler shoes and a toddler dress in March 2025.

31.    Plaintiff has a receipt provided by Defendant upon the purchase of the toddler shoes and toddler dress. On the receipt, Defendant identified it charged and collected from Plaintiff sales tax for the products, despite the product explicitly being exempted from sales tax.

32.     Upon information and belief, Defendant maintains a system that calculates sales and use tax for products, including tax exempt Baby and Toddler Products, as reflected in Plaintiff's receipts.

33.     Accordingly, upon information and belief, Defendant automatically and systematically overcharged consumers at their stores in Florida during the Class Period by charging a sales and use tax on exempt Baby and Toddler Products.

## IV.   DEFENDANT ROUTINELY OVERCHARGES FLORIDA CONSUMERS FOR BABY AND TODDLER PRODUCTS

### A.     Consumers Reasonably Rely on Businesses to Calculate Proper Sales Tax

34.     Sales tax is traditionally collected from the purchaser by the business at the point of sale in the form of an additional charge added to the purchase price. Sales tax is collected in this manner because lawmakers wanted to minimize the burden of tax compliance on the individual taxpayers, who cannot be reasonably expected to learn the applicable taxes for every item they purchase.

35.     For each purchase, the sales tax is itemized separately on the sales receipt, notifying consumers of the tax they paid beyond the price of the product itself.

**B.**     **Defendant Portrayed the Charge as a Legally Mandated Tax**

36.     Defendant misrepresented the nature of the charge by presenting it as a legally mandated tax. Plaintiff and members of the Class relied on Defendant's representation, causing them to pay amounts that were not lawfully owed.

37.     Defendant failed to provide Florida consumers any notice or indication that the payment of sales and use tax was not required for Baby and Toddler Products.

38.     Consumers have no obligation to learn the tax code prior to engaging in retail transactions. In fact, sales tax is collected at the time of purchase by the retailer on behalf of the consumer in order to ensure the correct amount of tax is collected. Florida has established a statutory and regulatory scheme that relies on businesses properly collecting and remitting sales tax to the state. *See* Fla. Stat. Ann. § 212.01 *et seq.* Defendant has a duty established by the tax code to collect the sales tax on each transaction correctly. Consumers, such as Plaintiff, reasonably rely on retailers, such as Defendant, to properly collect and remit the sales tax on their behalf.

**C.**     **Consumers Could Not Reasonably Avoid the Improper Charges**

39.     Defendant's improper collection of sales and use tax on the purchased Baby and Toddler Products was not reasonably avoidable by Florida consumers. Defendant provides no notice of the amount charged for sales and use tax

collection until a consumer completes the checkout process and receives a receipt. Even if Defendant purportedly provided some notice to consumers, such notice would be insufficient and would require consumers to know the tax code.

## V. DEFENDANT BREACHED THE TERMS OF ITS SALES AGREEMENT WITH CONSUMERS

### A. Retail Transactions Establish an Implied-In-Fact Contract

40. Under Florida law, the performance of the parties in a retail transaction establishes an implied-in-fact contract. Mutual assent is established when the retailer provides the product at a specified price, and the consumer pays the demanded price for the product.

41. This implied-in-fact contract is memorialized in the sales receipt. In this case, the receipt shows Plaintiff and members of the Class agreed to pay the retail price of the product in addition to any *required* taxes, as calculated by Defendant.

### B. The Charges Exceed the Terms of the Implied-In-Fact Contract

42. The implied-in-fact contract entered into during each retail transaction requires consumers to pay their *legally mandated* tax burden, as identified by the retailer.

43. The amount of tax that may be charged for each transaction is set by the tax code, and the agreement does not authorize the retailer to impose an additional tax burden above what is in the agreement.

44.     Defendant decided to ignore both the tax code and the implied-in-fact contract and impose an additional and unlawful tax on Baby and Toddler Products.

45.     Such a charge constitutes a breach of the implied-in-fact contract. Plaintiff and Class Members agreed to pay required taxes. The additional amount charged by Defendant harms customers by causing them to pay more for a product than they agreed to.

### C.     Defendant Unjustly Overcharged Florida Consumers Purchasing Baby and Toddler Products

46.     Defendant unfairly, unjustly, and deceptively overcharged Florida consumers sales tax on tax exempt Baby and Toddler Products. Defendant's routine practice directly violates Florida law.

47.     Indeed, Defendant's routine practice of overcharging Florida consumers undermines the spirit of the retail sales agreement, denying consumers the benefit of their bargained for price by inflating the associated tax burden beyond the legal requirement.

## VI.    DEFENDANT HAS NOT REIMBURSED ANY OF ITS CUSTOMERS

### A.    Defendant Has Not Provided Any Refund

48.     Knowing that it has unlawfully collected monies from consumers and despite its ability to easily return the impermissibly collected funds, Defendant has retained the monies it collected from consumers.

49.     Defendant's decision to enrich itself has come at the expense of Plaintiff and members of the Class, forcing them to bring the present action.

**B.      Defendant Has the Ability to Provide Refunds**

50.     Defendant has the ability to refund Plaintiff and members of the Class the impermissibly collected sales tax.

51.     Not only does Defendant have records of each transaction and the amount of tax collected, upon information and belief, Defendant also retains sufficient contact and payment information to effectuate such refunds.

52.     Moreover, for any charge transacted by credit card, the reimbursement would cost relatively little to provide.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this action individually and on behalf of the following Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons who purchased Baby and Toddler Products in Florida for household use during the period from July 1, 2023 to the present (the "Class Period"), while being residents of Florida (the "Class").

54.     Plaintiff reserve the right to re-define the Class definition prior to class certification and after having the opportunity to conduct discovery.

55.     Excluded from the Class and each Subclass are: (1) any Judge or Magistrate presiding over this action, any members of their immediate families, and any of their staff; (2) the Defendant, Defendant's subsidiaries, affiliates,

parents, successors, predecessors, any entities in which the Defendant has a controlling interest, and their current or former employees, officers, and directors from July 1, 2023 to present; and (3) Plaintiff's counsel and Defendant's counsel.

56.     <u>Numerosity (Rule 23(a)(1))</u>: The exact number of members of the Class is unknown and currently unavailable to Plaintiff, but joinder of individual members herein is impractical. The Class is likely comprised of tens of thousands of consumers. The precise number of Class members, and their addresses, is unknown to Plaintiff at this time, but can be ascertained from Defendant's records. The members of the Class may be notified of the pendency of this action by mail or email, internet postings and/or publications, and supplemented (if deemed necessary or appropriate by the Court) by published notice.

57.     <u>Predominant Common Questions (Rule 23(a)(2))</u>: The Class's claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class members. The common and legal questions include, without limitation:

> a.     Whether Defendant charged and collected sales and use tax on Baby and Toddler Products sold since July 1, 2023.
>
> b.     Whether Defendant knew or should have known that the Baby and Toddler Products it sold since July 1, 2023

should not have been subject to tax pursuant to Title XIV

Section 212.08(7), *et seq.*;

c.      Whether Defendant took steps to prevent the charging

and collection of sales and use tax on tax exempt Baby

and Toddler products purchased by Florida consumers;

d.      Whether   Defendant   wrongfully   represented   and

continues to represent that sales and use tax are owed on

its Baby and Toddler Products purchased by Florida

consumers;

e.      Whether   Defendant's   representations   are   false,

deceptive, and misleading;

f.      Whether   Defendant   had   knowledge   that   those

representations were likely to deceive a reasonable

consumer;

g.      Whether   Defendant   had   knowledge   that   those

representations   were   false,   unfair,   deceptive,   or

misleading;

h.      Whether Defendant continued to disseminate those false,

unfair, misleading, and deceptive representations;

i.      Whether Defendant made the representation with the intention that Plaintiff rely on it;

j.      Whether Defendant violated the state consumer protection statute alleged herein;

k.      Whether Defendant was unjustly enriched;

l.      Whether Defendant entered into an implied contract with Plaintiff during the sale of the Baby and Toddler Products;

m.      Whether the charge of sales tax not owed under Title XIV Section 212.08(7), *et seq.* violated the implied contract Defendant entered into with Plaintiff during the sale of the Baby and Toddler Products;

n.      Whether the charge of sales tax not owed under Title XIV Section 212.08(7), *et seq.* constitutes an unconscionable provision of the implied contract Defendant entered into with Plaintiff during the sale of the Baby and Toddler Products;

o.      Whether Defendant converted Plaintiff property through the charge of sales tax not owed under Title XIV Section 212.08(7), *et seq.*; and

p.   The nature of relief, including damages and equitable relief, to which Plaintiff and members of the Classes are entitled.

58.   <u>Typicality of Claims (Rule 23(a)(3))</u>: Plaintiff's claims are typical of the claims of the Class because Plaintiff, like all other Class members, purchased Defendant's Baby and Toddler Products, suffered damages as a result of that purchase, and seeks the same relief as the proposed Class members.

59.   <u>Adequacy of Representation (Rule 23(a)(4))</u>: Plaintiff adequately represents the Class because Plaintiff's interests do not conflict with the interests of the members of the Class, and Plaintiff has retained counsel competent and experienced in complex class action and consumer litigation.

60.   Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the members of the Classes.

61.   <u>Superiority (Rule 23(b)(3))</u>: A class action is superior to other available means of adjudication for this controversy. It would be impracticable for members of the Class to individually litigate their own claims against Defendant because the damages suffered by Plaintiff and the members of the Classes are relatively small compared to the cost of individually litigating their claims. Individual litigation would create the potential for inconsistent judgments and delay and expenses to the court system. A class action provides an efficient means for

adjudication with fewer management difficulties and comprehensive supervision by a single court.

**Declaratory Relief**
**(Fed. R. Civ. P. 23(b)(1) and (2))**

62.　In the alternative, this action may properly be maintained as a class action because:

> a.　the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant; or
>
> b.　the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or
>
> c.　Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making

appropriate    final    injunctive    or    corresponding

declaratory relief with respect to the Class as a whole.

### Issue Certification (Fed. R. Civ. P. 23(c)(4))

63.    In the alternative, the common questions of fact and law, set forth

above, are appropriate for issue certification on behalf of the proposed Class.

### CAUSES OF ACTION

### COUNT I
### FRAUDULENT MISREPRESENTATION
### *(On behalf of Plaintiff and the Class against Defendant)*

64.    Plaintiff incorporates by reference paragraphs 1-63 of this Complaint

and restates them as if fully set forth herein.

65.    Plaintiff brings this claim on behalf of herself and the Class.

66.    Defendant directly, or through its agents and employees, made false

representations, concealments, and non-disclosures to Plaintiff and members of

the Class about the sales tax charged on Baby and Toddler Products purchased in

Florida.

67.    Defendant intentionally, knowingly, and/or recklessly made these

misrepresentations to induce Plaintiff and members of the Class to pay more when

purchasing Defendant's Baby and Toddler Products.

68.    In making these false, misleading, and deceptive representations and

omissions, Defendant knew that consumers would pay more when purchasing its

products. Defendant intended for these statements to induce consumers to

purchase its Baby and Toddler Products for a higher price. Consumers who purchased Defendant's Baby and Toddler Products paid a premium for these products over what consumers would have paid had Defendant disclosed that no sales tax was owed under Title XIV Section 212.08(7), *et seq*.

69.     Defendant owed a duty of care to Plaintiff and members of the Class in providing accurate information, as evidenced by Defendant's pecuniary interest in the transactions. Defendant created a special relationship with Plaintiff and members of the Class through representations regarding the tax burden associated with its products.

70.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive statements, representations, and omissions, Defendant injured Plaintiff and members of the Class in that they purchased and paid a premium price for the Baby and Toddler Products.

71.     In making misrepresentations of fact and omissions to Plaintiff and members of the Class, Defendant has failed to fulfill its duty to disclose material facts about the price it charged for its Baby and Toddler Products.

72.     The failure to disclose the true nature of the additional charge was caused by Defendant's deliberate and willful conduct.

73.     Defendant, in making these misrepresentations and omissions, and in doing the acts alleged above, knew that the misrepresentations were not true.

74.     Defendant made and intended the misrepresentations to induce the reliance of Plaintiff and Class members.

75.     Defendant through its website intentionally misled consumers, such as Plaintiff and members of the Class.

76.     Plaintiff and members of the Class did in fact rely on these misrepresentations and purchased Defendant's Baby and Toddler Products to their detriment. Given the deceptive manner in which Defendant represented the additional charge for the Baby and Toddler Products, Plaintiff and members of the Class's reliance on Defendant's misrepresentations was justifiable.

77.     As a direct and proximate result of Defendant's conduct, Plaintiff and members of the Class have suffered actual damages. Plaintiff and members of the Class purchased products that are worth less than the price they paid, and they would have paid less for the Baby and Toddler Products had they known the additional charge was not legally mandated sales tax.

78.     Plaintiff and members of the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

<u>**COUNT II**</u>
**UNJUST ENRICHMENT**
*(On behalf of the Plaintiff and the Class against Defendant)*

79.     Plaintiff incorporates by reference paragraphs 1-63 of this Complaint and restates them as if fully set forth herein.

80.     Plaintiff brings this claim on behalf of herself and the Class.

81.     Plaintiff and the other members of the Class conferred a benefit on Defendant by purchasing Baby and Toddler products and paying what they believed to be sales tax on such products.

82.     Defendant received a benefit in the form of additional revenue from Plaintiff's and Class members' purchases. Plaintiff and Class members suffered a detriment in the additional, unlawful funds they paid for Baby and Toddler Products.

83.     On information and belief, by collecting improper sales tax on the purchases of Defendant's Baby and Toddler Products by Plaintiff and the other members of the Class, Defendant unjustly enriched itself by collecting such sales tax revenue and earning interest thereon. Moreover, at the expense of Plaintiff and the other members of the Class, Defendant acted for its own pecuniary interests in avoiding the expenses of modifying its point-of-sale systems and databases and training its employees to correct its sales tax assessment and collection practices.

84.     Retention of those monies under these circumstances is unjust, inequitable, and injurious to Plaintiff because Defendant's charging of the tax was *pro tanto* misleading and financially harmful to Plaintiff and the other members of the Class.

85.     Plaintiff and members of the Class would have paid less money for the Baby and Toddler Products had they known that no sales tax was owed on their purchases.

86.     It would be inequitable for Defendant to retain the benefit of its practice of unlawfully charging sales taxes at the expense of Plaintiff and the other Class members.

87.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the other members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and all members of the putative classes for unjust enrichment, as ordered by the Court.

<u>**COUNT III**</u>
**BREACH OF CONTRACT**
*(On Behalf of Plaintiff and the Class against Defendant)*

88.     Plaintiff incorporates by reference paragraphs 1-63 of this Complaint and restates them as if fully set forth herein.

89.     Plaintiff brings this claim on behalf of herself and the Class.

90.    Under Florida law, the covenant of good faith and fair dealing applies to every contract. Good faith and fair dealing means preserving the spirit—not merely the letter—of the bargain.

91.    The parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitutes examples of bad faith in the performance of contracts.

92.    Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his or her conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of violations of good faith and fair dealing are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

93.    Defendant has breached the covenant of good faith and fair dealing through its policy to charge sales tax on Baby and Toddler Products despite no such tax being owed under Title XIV Section 212.08(7), *et seq*. The imposition of a tax specifically exempted under Florida law constitutes an evasion of the spirit of the bargain and abuse of a power to specify terms.

94.     The Uniform Commercial Code ("UCC") § 2-301 states "[t]he obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract."

95.     Under Florida law, each sale establishes an implied-in-fact contract in which the buyer agrees to pay the requisite price, in addition to associated taxes required by law, and the seller agrees to provide the agreed upon product in exchange for payment.

96.     Defendant breached the terms of the implied contract by charging sales tax on its Baby and Toddler Products despite no such tax being owed under Title XIV Section 212.08(7), *et seq.*

97.     Plaintiff and members of the Class have sustained damages as a result of Defendant's breach of the implied sales contract.

98.     Plaintiff seeks relief including actual damages and any other relief the Court deems necessary and proper.

<u>**COUNT IV**</u>
**UNCONCIONABILITY**
*(On Behalf of Plaintiff and the Class against Defendant])*

99.     Plaintiff incorporates by reference paragraphs 1-63 of this Complaint and restates them as if fully set forth herein.

100.   Plaintiff brings this claim on behalf of themselves and the Class.

101.    Defendant's policy to charge sales tax on its Baby and Toddler Products despite no such tax being owed under Title XIV Section 212.08(7), *et seq.* is substantively and procedurally unconscionable. Defendant did not and does not attempt to notify customers that the Baby and Toddler Products are exempt from Florida state sales tax pursuant to Title XIV Section 212.08(7), *et seq.* before charging sales tax on the Baby and Toddler Product.

102.     Defendant used, and uses, undue discretionary power to determine and charge applicable taxes even at a time when Florida state law specifically exempts Baby and Toddler Products from sales tax.

103.    The implied-in-fact contract established during the retail transaction governs the transactions at issue. The agreement establishes that Plaintiff will pay the price of the product and any associated taxes or fees charged by the merchant in exchange for the product. Defendant, which is a party of vastly superior bargaining strength, establishes the price of the product, which of the taxes required by law will be passed on to the consumer, and what additional fees will be charged.

104.    By choosing to charge the additional amount paid by Plaintiff as a tax and not as a fee or an increase in the price of the product, Defendant misrepresented the nature of the charge and denied Plaintiff the opportunity to fairly assess the price of the product.

105.    Considering the great business acumen and experience of Defendant in relation to Plaintiff and the members of the Class, the great disparity in the parties' relative bargaining power, the complexity of the tax code at issue, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, and similar public policy concerns, this provision is unconscionable and, therefore, unenforceable as a matter of law.

106.    Plaintiff and members of the Class have sustained damages as a result of Defendant's unconscionable policies and practices as alleged herein.

107.    Plaintiff seeks relief including actual damages and any other relief the Court deems necessary and proper.

<u>COUNT V</u>
**CONVERSION**
*(On Behalf of Plaintiff and the Class against Defendant)*

108.    Plaintiff incorporates by reference paragraphs 1-63 of this Complaint and restates them as if fully set forth herein.

109.    Plaintiff brings this claim on behalf of herself and the Class.

110.    Defendant had, and continues to have, a duty to charge Plaintiff the agreed upon price of the product along with the applicable taxes and to prevent overcharges on any purchases.

111.    Defendant has wrongfully collected monies from Plaintiff under the auspices of collecting sales and use tax on purchases of Baby and Toddler

Products, despite such products being exempted from such tax pursuant to Title XIV Section 212.08(7), *et seq*.

112.    Defendant has, without proper authorization, assumed and exercised the right of ownership over these funds, in hostility to the rights of Plaintiff and the members of the Class, without legal justification.

113.    Defendant intends to permanently deprive Plaintiff and the members of Class of these funds.

114.    These funds are properly owned by Plaintiff and the members of the Class, not Defendant, which has taken control of Plaintiff's monies without legal basis.

115.    Plaintiff and the members of the Class are entitled to the immediate possession of these funds.

116.    Defendant has wrongfully converted these specific and readily identifiable funds.

117.    Defendant's wrongful conduct is continuing.

118.    As a direct and proximate result of this wrongful conversion, Plaintiff and the members of the Class have suffered, and continue to suffer, damages.

119.    By reason of the foregoing, Plaintiff and the members of the Class are entitled to recover from Defendant all damages and costs permitted by law, including all amounts that Defendant has wrongfully converted.

## COUNT VI
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### Fla. Stat. §§ 501.201, *et seq.*
### *(On Behalf of Plaintiff and the Proposed Class)*

120.     Plaintiff incorporates by reference paragraphs 1-63 of this Complaint and restates them as if fully set forth herein.

121.     The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 ("FDUTPA"), states "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

122.     By marketing, making available for sale, selling, and distributing Baby and Toddler Products, Defendant engaged in "trade or commerce" as defined by the FDUTPA. *See* Fla. Stat. § 501.203(8).

123.     Defendant violated and continues to violate this statute and commits unfair or deceptive acts or practices in the conduct of trade or commerce, as alleged herein, including, by routinely collecting and remitting Florida sales and use tax on tax exempt Baby and Toddler Products while omitting material information concerning the products' tax exempt status under Title XIV Section 212.08(7), *et seq.*

124.     Defendant either knowingly or recklessly misrepresented the taxable nature of the tax-exempt Baby and Toddler Products when it collected sales and

use tax at the time of purchase.  Defendant did so by making false and misleading representations about the products, including by itemizing a sales and use tax line item at the time of purchase.

125.   Plaintiff and Class Members relied on Defendants' material misrepresentations or omissions concerning the taxable status of Baby and Toddler Products which were otherwise deemed tax exempt by Florida Law.

126.   As a result, Plaintiff and Class Members paid excess and unlawful taxes on Baby and Toddler Products. Defendant overcharged consumers for their Baby and Toddler product purchases. By paying these additional and unlawful taxes, Plaintiff and Class Members were harmed.

127.   Defendant will continue to cause harm through these material misrepresentations and omissions without legal action.

128.   Plaintiff seeks relief under the statute including actual damages, injunctive relief, costs and attorneys' fees, and any other relief the Court deems necessary and proper.

<u>**COUNT VII**</u>
**NEGLIGENT MISREPRESENTATION**
*(On behalf of Plaintiff and the Class against Defendant)*

129.   Plaintiff incorporates by reference paragraphs 1-63 of this Complaint and restates them as if fully set forth herein.

130.   Plaintiff brings this claim on behalf of herself and the Class.

131.     Defendant directly, or through its agents and employees, made false representations, concealments, and non-disclosures to Plaintiff and members of the Class regarding the sales tax charged on its Baby and Toddler Products purchased in Florida. Defendant represented that Plaintiff and Class Members owed sales tax on Baby and Toddler Products, which they did not. Defendant thus made false representations to Plaintiff and Class Members.

132.     Defendant did not exercise reasonable care when making these representations. Defendant should have known that the representations it made regarding sales tax on Baby and Toddler Products were false.

133.     These misrepresentations were made in the course of Defendant's business and as part of transactions in which Defendant has a pecuniary interest, as the misrepresentations induced Plaintiff and members of the Class to pay more when purchasing Defendant's Baby and Toddler Products beyond what consumers would have paid had Defendant disclosed that no sales tax was owed under Title XIV Section 212.08(7), *et seq*.

134.     Defendant owed a duty of care to Plaintiff and members of the Class in providing accurate information, as evidenced by Defendant's pecuniary interest in the transactions.  Indeed, Defendant had a special relationship with Plaintiff and members of the Class through representations regarding the tax burden associated with its products.

135.   The Florida tax code imposes a duty upon Defendant to correctly calculate and collect sales taxes on products it sells.

136.   Defendant intended to induce Plaintiff and Class Members to rely on Defendant's misrepresentations regarding the sales tax owed on Baby and Toddler Products.

137.   Plaintiff and Class Members justifiably relied on Defendant's misrepresentations regarding sales tax.

138.   As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive statements, representations, and omissions, Plaintiff paid additional, unlawful costs for Baby and Toddler Products.

139.   Plaintiff suffered pecuniary injury in paying sales tax on Baby and Toddler Products that she was not required to pay to Defendant.

140.   Plaintiff and members of the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## COUNT VIII
## NEGLIGENCE
### *(On behalf of Plaintiff and the Class against Defendant)*

141.   Plaintiff incorporates by reference paragraphs 1-63 of this Complaint and restates them as if fully set forth herein.

142.   Defendant owes a duty under common law to Plaintiff and the proposed Class members to exercise reasonable care in abiding by Florida law exempting Baby and Toddler Product purchases from sales tax. This includes a duty of care by Defendant to ensure its sales associates exercise reasonable care in abiding by Florida law exempting Baby and Toddler Product purchases from sales tax.

143.   Defendant owes a duty of care to Plaintiff and the proposed Class members to ensure that reasonable computer and sales systems consistent with Florida law and industry standards are maintained to exempt, collect, or remit the proper amount of sales tax at the time of Baby and Toddler Product purchases.

144.   Defendant's duty arises from each of the following instances described herein: (i) soliciting Plaintiff and proposed Class members' business; (ii) accepting Plaintiff and proposed Class members' business and purchases; and/or (iii) collecting Plaintiff and proposed Class members' payment for purchases. Defendant engages in these practices as part of its regular business.

145.   Defendant exercises control over its computer and sales systems meaning Defendant was most capable of preventing the harm caused by its routine overcharge of sales tax on tax exempt Baby and Toddler Products.

146.    Plaintiff and proposed Class members were neither in a position to nor expected to know the tax code at the time of every purchase of tax exempt Baby and Toddler Products.

147.    Plaintiff and proposed Class members trusted and expected Defendant to calculate and charge the appropriate amount of sales tax and exempt from tax any tax exempt Baby and Toddler Products.

148.    Defendant knew or should have known that its routine practice of charging Plaintiff and proposed Class members sales tax on tax exempt Baby and Toddler Products would cause harm. Specifically, Defendant knew or should have known that its practice would cause the type of harm the Florida legislature intended to prevent.

149.    As a direct and proximate result of Defendant's negligence, Plaintiff and proposed Class members have suffered and will continue to suffer injury or harm, including their overpayment of sales tax on tax exempt Baby and Toddler Products.

150.    Further, as a direct and proximate result of Defendant's negligence, Plaintiff and proposed Class members are entitled to recover actual, consequential, and nominal damages.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, on behalf of herself and the proposed Class and Subclasses, pray for relief and judgment against Defendant as follows:

a.      An order declaring this action to be a proper class action, appointing Plaintiff and Plaintiff's counsel to represent the Class, and requiring Defendant to bear the costs of class notice;

b.      An order enjoining Defendant from charging Florida state sales and use tax on the Baby and Toddler Products sold in Florida;

c.      An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendant from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendant's past conduct;

d.      An order requiring Defendant to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice or a violation of law, plus pre- and post-judgment interest thereon;

e.      An order requiring Defendant to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

f.    Awarding Plaintiff and the Class appropriate relief, including actual and statutory damages;

g.    Awarding Plaintiff and the Class the costs of prosecuting this action, including expert witness fees;

h.    Awarding Plaintiff and the Class reasonable attorneys' fees and costs as allowable by law;

i.    Awarding pre-judgment and post-judgment interest; and

j.    Granting any other relief as this Court may deem just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: December 23, 2025                    Respectfully submitted,

*/s/ Jonathan B. Cohen*
Jonathan B. Cohen (FL Bar No. 27620)
**BRYSON HARRIS SUCIU &**
**DEMAY PLLC**
3833 Central Avenue
St. Petersburg, FL 33713
Phone: (813) 786-8622
jcohen@brysonpllc.com

James R. DeMay*
J. Hunter Bryson*
**BRYSON HARRIS SUCIU &**
**DEMAY PLLC**
900 West Morgan Street
Raleigh, NC 27603

Phone: (704) 941-4648
jdemay@brysonpllc.com
hbryson@brysonpllc.com

Jason P. Sultzer*
Jeremy Francis*
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12061
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

David J. Tayar*
Will Shuman*
**TAYAR, SHUMAN & ASSOCIATES LLP**
3324 Parsons Blvd, Ste. 3F
Flushing, NY 11354
Tel: (917) 750-7740
dtayar@tayarshuman.com
wshuman@tayarshuman.com


*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December 2025 I electronically

filed this document using the Court's CM/ECF system, which will automatically

serve a copy on all counsel of record.

By: */s/ Jonathan B. Cohen*